The opinion of the court was delivered by
McEnery, J.
This case was before us in the early part of the present session of this court and remanded for the sole purpose of *1435 identifying certain sales of real estate disposed of by the defendants. Heirs of Burney vs. Ludeling et als., 47 An. 73.
On a trial, under the decree remanding the case, there was judgment for plaintiffs. Both parties appeal.
■Without detailing at length the objections urged by parties to the judgment, we will state the complaints against it, which are, that interest was improperly allowed on certain sales from the date of the sales, and that the judgment is erroneous in not decreeing the defendants liable in solido, and that a part of the property was held in indivisión, and sold to certain of defendants by Ludeling as the agent of all, and that these defendants being in possession of the property, the price thereof can not be recovered, as the judgment rendered had dispossessed them of title.
The answer to these objections to the judgment can better be explained by referring to the original opinion in this case, by which it will be observed that the theory upon which the decree was rendered is that the property in controversy was originally a plantation; had been cut up and divided into town Iocs, and its identity destroyed. The town had been abandoned, and the property was comparatively valueless. In other words there was an inability of the defendants to restore what they had originally acquired. Hence we said: “The obligation of defendants to restore the thing, the fruits and the revenues, or the price in case they have alienated it, results not from an offence, or quasi offence, but from a quasi contract.”
The evidence did not disclose that any fruits or revenues were derived from the property. The property was acquired under the forms of law, and in this we distinguished the suit from one sounding In damages for a quasi offence, to which the allegations in plaintiffs’ petition assimilated it. The defendants, had they sold the property in its original condition, could not have been sued for the price, without affirming the sale. Had prescription been acquired by the purchasers, they could not have recovered the price from the vendors. The vendors would not owe a restitution of the price to the plaintiff, but to his immediate vendee in warranty. The person who receives the fruits, rents and profits is the only one to respond for them. Gillespie vs. Bank, 35 An. 779; New Orleans vs. Gaines’ Administrator, 131 U. S. 191.
If suit had been brought against the vendees of defendants and *1436 they had been evicted and judgment had been rendered against them for fruits and revenues, their warrantor would have been liable to them for the same. This provision of the civil law accomplishes the same result as that in the equity jurisprudence in the other States, it being the law of Louisiana that the warrantor must protect the vendee from the hardship of paying that which his warrantor ought to pay. The true owner can, of course, by subrogation, avail himself of the judgment against the warrantor. But before a recovery can be had for fruits and revenues due the owner by the vendee during his possession, there must necessarily be first a judgment obtained against the vendee and on a call in warranty against the vendor.
The particular facts in this case gave us a great deal of thought, and believing that the plaintiffs had been wronged when minors, we felt justified in making almost an exception of the case, and ordered a return of the price received by defendants for the property sold.
A suit against defendants’ vendees and a judgment against them would not have had the effect of restoring the property as it originally existed. The defendants, under the facts in this case and for the reasons stated, are only liable for interest from judicial demand. The defendants are not liable in solido. This question was finally disposed of in the opinion and decree remanding the case.
What has been said will apply to the objection to that part of the judgment which makes some of the defendants liable for property purchased by them. It is out of their power to restore the property as it originally existed as a plantation.
It is therefore ordered that the judgment be amended so as to annul that part of it which makes some of the defendants liable for interest from the date of the respective sales, and it is now ordered that they pay interest from judicial demand. In other respects the judgment is affirmed, plaintiff to pay costs of appeal.
Nicholls, O. J., absent